IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:22-cv-01924-MSS-AEP

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

ZEIN LLC d/b/a ZEIN'S PIZZA WINGS &
SUBS, and MYPIZZA TECHNOLOGIES,
INC. d/b/a SLICE,

    Defendants.

## MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ZEIN

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 55(b)(2), hereby moves for entry of a Default Final Judgment against defendant Zein LLC d/b/a Zein's Pizza Wings & Subs ("Zein"), and states as follows:

## PROCEDURAL SUPPORT FOR DEFAULT FINAL JUDGMENT

1. On August 22, 2022, Plaintiff filed its Complaint in this action. The Complaint contains a cause of action for copyright infringement against Zein. See D.E. 1.

2. On August 30, 2022, Zein was served with a copy of the Summons and Complaint in this action. See D.E. 7.

3. On November 16, 2022 (following expiration of Zein's response deadline pursuant to an earlier Order extending the deadline to November 15, 2022), Plaintiff filed its Motion for Clerk's Default against Zein [D.E. 18].

  4. On November 16, 2022, the Clerk entered a Clerk's Default [D.E. 20] against Zein.

## FACTUAL SUPPORT FOR DEFAULT FINAL JUDGMENT[1]

**I. Plaintiff's Business and History[2]**

  5. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

  6. Plaintiff operates on a subscription basis whereby it charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a ***minimum*** monthly fee of $999.00 (https://preparedfoodphotos.com/featured-subscriptions/) for access to its library of professional photographs.

  7. Plaintiff's standard licensing terms require a minimum of a twelve (12) month licensing commitment (https://preparedfoodphotos.com/terms.of.use.php) to avoid scenarios whereby a licensee pays for one (1) month of access, downloads the entire library of 20,000+ photographs, and immediately terminates the license agreement.

  8. Plaintiff's business model relies on its recurring monthly subscription service and the income derived therefrom such that Plaintiff can continue to maintain its impressive portfolio.

  9. Plaintiff has numerous paying subscribers paying monthly subscription fees ranging from $999.00/month to $2,500.00/month (depending on the number of 'end users' for which Plaintiff's photographs are to be used). Generally stated, the bulk of Plaintiff's subscribers

---

[1] "When a defendant defaults, it admits as true all well-pleaded factual allegations in the complaint." Enable Creative, LLC v. Charles Rutenberg Realty, LLC, No. 19-20789-CIV-MARTINEZ/MCALILEY, 2019 U.S. Dist. LEXIS 155224, at *2 (S.D. Fla. Sep. 10, 2019) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)).

[2] The facts set forth herein are based upon the well-pleaded allegations of the Complaint, the December 9, 2022 Declaration of Rebecca Jones (the "Jones Decl."), a true and correct copy of which is attached hereto as Exhibit "A," and the December 9, 2022 Declaration of Daniel DeSouza (the "DeSouza Decl."), a true and correct copy of which is attached hereto as Exhibit "B."

are professional ad agencies that develop weekly ads/grocery store websites for their own 'end users' (i.e., grocery stores, meat/dairy sellers, etc.).

10. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II. The Work at Issue in this Lawsuit

11. This lawsuit concerns one (1) photograph titled "ChickenWingHot007" (the "Work") owned by Plaintiff for which Plaintiff serves as the licensing agent. The Work is available for license on the above-stated terms. A copy of the Work is exhibited below:



12. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on September 29, 2016 and was assigned Registration No. VA 2-019-412.

13. A copy of the Certificate of Registration pertaining to the Work is attached to the Complaint as Exhibit A thereto.

### III. Zein's Unlawful Activities

14. Zein owns and operates a restaurant in Clearwater, Florida. Zein's primarily sells pizza, wings, and subs.

15. Zein advertises/markets its business primarily through its website (https://www.zeinspizzawingssubs.com/), social media (e.g., https://www.facebook.com/profile.php?id=100054355098014), and other forms of advertising.

16. On a date after Plaintiff's above-referenced copyright registration of the Work, Zein and/or co-defendant MyPizza Technologies, Inc. d/b/a Slice ("Slice")[3] published the Work on Zein's website (at https://www.zeinspizzawingssubs.com/) as the image associated with Zein's chicken wings menu item:



---

[3] Slice is an online food ordering platform for independent pizzerias. Slice allows pizzeria owners (like Zein's) to offer their products to customers using a mobile-optimized website, where customers can place orders through the Slice app and social media channels. At all times relevant hereto, Zein and Slice maintained a contractual relationship whereby Slice provided the software to manage the ordering, operations, and marketing for Zein.

17. A true and correct copy of screenshots of Zein's website, displaying the copyrighted Work, are attached to the Complaint as Exhibit B thereto.

18. Zein is not and has never been licensed to use or display the Work. Zein never contacted Plaintiff to seek permission to use the Work in connection with its website/advertising or for any other purpose – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

19. Zein utilized the Work for commercial use – namely, in connection with the marketing of its business.

20. Upon information and belief, Zein located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21. Plaintiff's primary business is the creation of new photo/video content and licensing such content to supermarkets, ad agencies, etc. To ensure that Plaintiff's valuable intellectual property is not being misappropriated (which necessarily lowers the value thereof), Plaintiff employs a full-time paralegal and other staff that each (when time permits) perform reverse-image searches using Google Images (https://www.google.com/imghp?hl=en) and review grocery store electronic/print ads to determine whether Plaintiff's images are being misused.

22. Plaintiff's staff generally searches using a rotating sub-set of photographs that may be illegally/improperly published by non-licensees. Given the volume of Plaintiff's library, Plaintiff was reasonably unable to discover Zein's improper use of the Work at issue in this lawsuit prior to the aforementioned date of discovery.

23. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Zein's unauthorized use/display of the Work in July 2022.

**ARGUMENT**

**I.     Applicable Legal Standards**

Federal Rule of Civil Procedure 55 sets forth two steps to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

The Court must review the sufficiency of the complaint before determining if a moving party is entitled to default judgment. See U.S. v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206) (5th Cir. 1975); Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to show its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If the admitted facts are enough to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. See Nishimatsu, 515 F.2d at 1206. An evidentiary hearing on damages is not required by Rule 55, and it is within the Court's discretion to choose whether to hold such a hearing. See Fed. R. Civ. P. 55(b)(2); SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); Tara Productions, Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 911-12 (11th Cir. 2011).

**II.      Plaintiff is Entitled to Judgment on its Claim for Copyright Infringement**

The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a).  "Copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of protectable elements." Home Design Servs., Inc. v. Turner Heritage Homes Inc., 825 F.3d 1314, 1320 (11th Cir. 2016).

      **1.      Plaintiff Owns a Valid Copyright**

With respect to the first element, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).  "Once a plaintiff produces a valid registration, the burden shifts to the defendant to establish that the work in which the copyright claimed is unprotectable." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010).  Here, Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights as set forth above.  By virtue of its default, Zein does not have any right to challenge Plaintiff's registration/ownership of a valid copyright.

      **2.      Zein Copied the Work**

The copying element of an infringement claim has two components.  Latimer, 601 F.3d at 1232.  First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter.  Id.  Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected.  Id. at 1233.

Here, the screenshots of Zein's website unequivocally show Zein's copying of the Work. Zein's default further constitutes an admission as to such copying.  There is no factual or subjective

issue of "substantial similarity" here as Zein copied and published a duplicate image of the Work. Thus, Zein undisputedly copied Plaintiff's copyrighted work and a Final Default Judgment should be entered against Zein on Count II of the Complaint.

### III.  Zein's Infringement was Willful

Willful infringement occurs when a defendant acts "with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (J. Cohn) (citing Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 464 (E.D.Pa.1987)). "Moreover, this Court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default." Id. at 1313 (citations omitted). When awarding increased damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." Cable/Home Communication Corp. v. Network Productions, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted).

Here, Zein's refusal to pay a reasonable licensing fee and refusal to participate in this lawsuit demonstrates that Zein had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyrights in the Work.

Accordingly, Zein's default and the well-pled facts of the Complaint, which are admitted by Zein's default, establish that Zein's infringement of the Work was willful and deliberate.

### IV.  Plaintiff's Damages

#### A.  *Actual Damages*

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are "often measured by

the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. Id. at 15. To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." Thornton v. J. Jargon Co., 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (citing Montgomery v. Noga, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999)).

As set forth above and in the declaration of Rebecca Jones (Plaintiff's Secretary), Plaintiff exclusively operates on a subscription basis whereby it provides access to its library at $999.00 per month with a minimum twelve (12) month contract commitment (i.e., a licensee must pay at least $11,988.00 for access to any of Plaintiff's photographs for anywhere from 1 day to 1 year). Plaintiff generally does not license individual photographs as doing so greatly diminishes the value of Plaintiff's subscription model. Plaintiff offers semi-exclusivity to its licensees – Plaintiff knows exactly what ad agencies, grocery stores, etc. have access to its library and can assure its customers that a competitor down the street will not be using the same photograph(s) in its own weekly ads, circulars, internet marketing, etc. Plaintiff's customers often spend tens (if not hundreds) of thousands of dollars publishing weekly ads and developing marketing campaigns to advertise their products/services.

Because Plaintiff markets its photographic library on the basis of its exclusivity, the copying and publishing of individual photographs by non-licensees greatly reduces the value of Plaintiff's library. Plaintiff employs multiple full-time employees to locate and identify such

nonauthorized uses in an effort to ensure exclusivity to Plaintiff's licensees.  Plaintiff incurs these expenses (payroll etc.) to protect the integrity of its library.

Plaintiff's library of photographs was created over a 15 – 20 year period of time (with new creative works being made through the present date).  Plaintiff has employed professional staff photographers and likewise utilizes other professional photographers (on a work-for-hire basis), all of which specialize in high-end product/food photography.  All of these photographers are provided specific instructions with respect to Plaintiff's vision/overall composition requirements – namely, that food/product photography should result in images/meals accessible to the general public that an average family could prepare for a meal.  For any image (including the one at issue in this lawsuit), Plaintiff's photographers spend hours using specialized lighting/equipment and take dozens (if not hundreds) of images before identifying 1 – 2 for inclusion in Plaintiff's library.  For any given photograph, Plaintiff then has costs associated with post-processing the image in specialized editing software such as Adobe Photoshop, Adobe Lightroom, and/or other programs so that the desired end-look of the photograph can be achieved, for their proper use in print and digital media advertising.

When Plaintiff's staff discovers an existing (i.e., published and available for viewing on the internet) infringement of one of its photographs, Plaintiff captures a screenshot of the infringement on the date of discovery or within 1 – 2 days thereafter.  True and correct copies of Plaintiff's screenshots with respect to the Work at issue in this lawsuit are attached to the Complaint as Exhibit B thereto.

The screenshots show that the Work was published by Zein at least as of July 2022.  Zein's failure to participate in this lawsuit has limited Plaintiff's ability to conduct discovery to fully discover the extent of its infringement and/or the exact date on which the Work was uploaded

and/or removed from Zein's website. Sources such as the Wayback Machine and inspecting the URL/page source of the website were unhelpful in determining precisely when the Work was first published by Zein. This tremendously hinders Plaintiff's ability to determine its damages because, for each year that Zein published the Work, Plaintiff would be owed an annual license fee of $11,988.00. Here, it is only known that the Work was published as of July 2022 (when Plaintiff initially discovered the infringement), but not when the Work was first published. Given these facts, Plaintiff proffers that the cost for the contractual minimum 1-year license ($11,988.00) is the most accurate measure of Plaintiff's actual damages based on presently-known facts.

In Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. v. Patriot Fine Foods LLC, the $11,988.00 license was found to be a useful tool to properly calculate Plaintiff's damages.

> Here, Plaintiff provides access to its library at a price $999.00 per month with a minimum twelve-month contract commitment, meaning, a licensee must pay $11,988 for access to any of Plaintiff's photographs for any amount of time within a one-year period. (DE 13, Ex. A. ¶¶ 4–5). Plaintiff has numerous clients who pay this annual subscription fee. (*Id.* ¶ 4). While that demonstrates that licensors have indeed licensed its library on an annual basis for $11,988, it is unclear whether any licensor has paid that amount to utilize a single photograph in the library. Nevertheless, I find $11,988 to be a useful proxy given the below-described difficulties in calculating with precision Plaintiff's actual damages.

Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC, No. 21-82129-CV, 2022 U.S. Dist. LEXIS 205649, at *10 (S.D. Fla. Mar. 22, 2022). The same analysis was adopted by the court in Prepared Food Photos, Inc. v. 193 Corp., No. 1:22-cv-03832, 2022 U.S. Dist. LEXIS 205690 (N.D. Ill. Sep. 21, 2022) in which the court entered a default judgment for three (3) years of pre-registration use of a single photograph in the amount of $35,964.00 ($11,988.00 x 3); see also Prepared Food Photos, Inc. v. Miami Beach 411 Corp., No. 22-23197-CIV-ALTONAGA/Damian, 2022 U.S.

Dist. LEXIS 216003 (S.D. Fla. Nov. 28, 2022) (awarding Plaintiff $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of a single photo); <u>Prepared Food Photos, Inc. v. Fat Daddy Co.</u>, No. 22-61671-CIV-SINGHAL, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) (awarding Plaintiff $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto).

Zein's inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate Plaintiff's actual damages. Similarly, Zein's refusal to cooperate in this lawsuit has prevented Plaintiff from discovering any profits received by Zein that would be recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Zein's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Zein solely controls all information concerning its gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

Given the above, Plaintiff believes that the fairest beginning measure of its actual damages, in this case, is the $11,988.00 annual cost for licensing any image from Plaintiff's library multiplied by the maximum years of use that copyright will permit. However, in view of the foregoing, actual damages are insufficient due to Zein's refusal to appear and participate in discovery, and Plaintiff thus elects to seek an award of statutory damages for Zein's willful infringement of Plaintiff's copyrighted Work.

  **B.**  *Statutory Damages are Appropriate for Zein's Willful Copyright Infringement*

Pursuant to 17 U.S.C. § 504(c), Plaintiff hereby elects to recover statutory damages for

Zein's infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of its statutory award based upon the willfulness of such infringement. Where (as here) willful infringement has occurred, courts in this Circuit will generally look to a plaintiff's actual damages and award 2x – 3x to properly account for statutory damages. See, e.g. Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5-7 (S.D. Fla. Aug. 7, 2020) (trebling the plaintiff's actual damages after applying a scarcity multiplier); Buttnugget Publ'g v. Radio Lake Placid, Inc., 807 F. Supp. 2d 100, 110-11 (N.D.N.Y. 2011) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees.").

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. See 17 U.S.C. § 504(c)(1). However, as discussed above, Zein's conduct – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful.

> Had Plaintiff been able to conduct discovery and gather information on the scope of Defendant's infringement, actual damages would have likely been greater than the reasonable licensing fee for the Work. Here, doubling $11,988 will appropriately account for the circumstances surrounding this infringement and the need for deterrence. Defendant's declination to participate in this litigation impeded the court's ability to calculate the total extent of Plaintiff's actual damages, including Defendant's profits. Defendant likely profited to some degree from its unauthorized use; Plaintiff alleges that Defendant made commercial use of the Work for at least one year, advertising the sale of "USA Prime Angus London Broil" on its website for $9.99 per pound. (DE 1 ¶¶ 15, 17). Further, as described above, Defendant's conduct was willful. And "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." Cable/Home Commc'n Corp., 902 F.3d at 851 (internal quotation omitted). The need to deter future violations is an especially appropriate consideration here, given Defendant's default.

Patriot Fine Foods LLC, 2022 U.S. Dist. LEXIS 205649, at *12-13. The same facts as in Patriot Fine Foods apply to this present case. Plaintiff was unable to conduct discovery or gather information. Plaintiff's licensing structure is a strong proxy for calculating damages. Likewise to Judge Middlebrooks' finding in Patriot Fine Foods, and given the circumstances of the instant case, Plaintiff submits that an award of statutory damages in the amount of **$23,976.00** ($11,988.00 x 2) under 17 U.S.C. § 504(c)(2) is appropriate to compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law. Plaintiff requests the Court to apply the same multiplier Judge Middlebrooks applied in Patriot Fine Foods, wherein that Court doubled the actual damages (the one annual period of use) to account for Plaintiff's inability to conduct discovery and to deter future violations.

Even assuming, arguendo, that the Court is not convinced of the Plaintiff's actual damages, it is well within the Court's discretion to award substantial damages to the Plaintiff upon a finding of willfulness. For example, in Corson v Brown Harris Stevens of the Hamptons, LLC, the court found that willfulness entitled plaintiff to the enhanced statutory damages provided by 17 U.S.C. § 504(c)(2) (notwithstanding that the court found the plaintiff proved $0.00 in actual damages):

> So first the main issue was whether defendant's infringement was willful. I find here willfulness entitles plaintiff to the enhanced statutory damages provided by 17 U.S.C. Section 504(c)(2). The standard for willful infringement is not only knowledge on the defendant's part that what it did was infringement but also reckless disregard of the practice of protecting creativity, the very purpose of copyright. When the plaintiff can demonstrate, either directly or through circumstantial evidence, that defendant had knowledge that its actions constituted infringement, or recklessly disregarded that possibility, enhanced statutory damages for willful copyright infringement under 17 U.S.C. Section 504(c)(2) are appropriate.

> Plaintiff successfully proved that her photograph was copyright protected. It's clear that defendant, as a sophisticated business, knew there was copyright involved and did nothing to check those rights or to clear permission to reprint from the photographer.
>
> I find that the infringement was willful, and I find that the conduct of indifference to the rights of others was egregious and that the statutory damages should be $25,000. There were no actual damages.

Corson v. Brown Harris Stevens of the Hamptons, LLC, 2018 U.S. Dist. LEXIS 248214, at *8 – 9 (S.D.N.Y. Jan. 24, 2018). Corson was a fully litigated case in which, though the Judge found that plaintiff proved $0.00 in actual damages, a finding of willfulness permitted statutory damages to be awarded, as "[t]he Supreme Court instructs that the statutory rule formulated after long experience not merely compels restitution of profit and reparation from injury but also a desire to discourage wrongful conduct." Id. at * 9 (citing F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952)).

### C.  *Full Costs and Reasonable Attorneys' Fees are Appropriate*

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendant's infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate. Accordingly, Plaintiff requests the Court to award costs and attorney's fees in the amount of $2,473.65 consisting of costs in the amount of $458.65 and fees in the amount of $2,015.00. The amount and reasonableness of the costs and fees are established by the Declaration of Daniel DeSouza, submitted concurrently herewith.

**V.      Entry of a Permanent Injunction is Appropriate**

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 USCS § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. Arista Records, 298 F. Supp. 2d at 1314 (entering permanent injunction against Defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

As established by the well-pled facts of the Complaint and admitted by Zein's default, this Court has proper jurisdiction over this action. Zein's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. For example, the ability of Zein to use Plaintiff's work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises taking and using Plaintiffs photographs for their own commercial purposes without paying any fee at all.

Accordingly, Plaintiff requests the Court to enter a permanent injunction against Zein, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, vendors and assigns, and all those in active concert and participation with Zein, prohibiting it from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works

derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to enter final default judgment against Zein; award Plaintiff $23,976.00 for Defendant's infringement of the Work, award Plaintiff its costs and attorneys' fees as set forth in the DeSouza Decl., award Plaintiff prejudgment interest, permanently enjoin Defendant from infringing activities; and for any other relief the Court deem just and proper. A proposed order is filed herewith.

Respectfully submitted,

Dated: December 9, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2022, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on December 9, 2022, I served the foregoing document via US Mail to: Zein LLC d/b/a Zein's Pizza Wings & Subs, 2099 N. Highland Avenue, Clearwater, FL 33755.

/s/ Daniel DeSouza\_\_\_
Daniel DeSouza, Esq.