THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
PREPARED FOOD PHOTOS, INC.           :
f/k/a ADLIFE MARKETING &             :
COMMUNICATIONS CO., INC.,            :   Case No. 8:22-cv-1924
                                     :
        Plaintiff,                   :   Honorable Judge Scriven
                                     :
        v.                           :   Honorable Magistrate Judge Porcelli
                                     :
ZEIN LLC d/b/a ZEIN'S PIZZA          :
WINGS & SUBS, and MYPIZZA            :
TECHNOLOGIES, INC. d/b/a SLICE,      :
                                     :
        Defendants.                  :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**OPPOSITION OF DEFENDANT MYPIZZA TECHNOLOGIES, INC.
TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ZEIN**

Defendant MyPizza Technologies, Inc. d/b/a/ Slice ("Slice"), by and through counsel, relying on a vast body of law reaching consistent results, opposes Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.'s ("Plaintiff") Motion for Default Judgment Against co-defendant Zein LLC d/b/a Zein's Pizza Wings & Subs ("Zein") (the "Motion"). Plaintiff's Motion should be denied for at least three reasons: 1) Slice and Zein are joint and severally liable, by law; 2) Slice and Zein are "similarly situated" and the Motion seeks judgment on interrelated conduct; 3) Slice disputes and will defend against the

"admissions" sought in the Motion; and 4) the Motion relies on unpled, inconsistent, and unsupported claims. As such, the Motion should be denied.

## I. RELEVANT FACTS

On August 22, 2022, Plaintiff named both Slice and Zein as co-defendants in this lawsuit. (Doc. 1, Complaint.) Plaintiff alleged two causes of action: Count 1 - Copyright Infringement against Slice; and Count 2 – Copyright Infringement against Zein. (Doc. 1, PageID #7-12.) Within each count, however, Plaintiff alleged two different theories of infringement: 1) that Slice directly infringed and, correspondingly, Zein contributorily infringed (Doc. 1, ¶¶31-33, 52-55); and 2) that Zein directly infringed, correspondingly, and Slice vicariously infringed (Doc. 1, ¶¶34-38, 49-51.) Plaintiff alleges that Slice's and Zein's alleged conduct is interrelated by virtue of first and secondary liability.

On November 15, 2022, Slice timely filed its Answer and affirmative defenses to Plaintiff's Complaint ("Answer"). (Doc. 13, Slice Answer and Affirmative Defenses.) In Slice's Answer, Slice denied several factual allegations, denied all liability (including under either theory of infringement), and asserted not less than twenty-eight affirmative defenses. (Doc. 13.) Zein did not file any response. Plaintiff quickly requested clerk's entry of default on November 16, 2022 (Doc. 19), which was granted on the same day (Doc. 20.)

Then, on December 9, 2022, Plaintiff filed the subject Motion in which Plaintiff invites this Court to grant default judgment on factual allegations relating to Slice's and Zein's interrelated conduct, factual allegations squarely disputed by Slice, and on legal issues subject to joint and several liability. (Doc. 28.) These bases for Plaintiff's invitation are as follows:

|   | **Plaintiff's Requested "Admissions" (Doc. 28)** | **Slice's Denials and Disputes (Doc. 13)** |
|---|---|---|
| 1. | "This lawsuit concerns one (1) photograph . . . owned by Plaintiff for which Plaintiff serves as licensing agent." (Doc. 28, ¶ 11; *see also* Doc. 1, ¶¶ 13, 15.) | "Slice . . . denies such allegations." (*Id.* at ¶ 13.) "The allegations concerning ownership set forth in paragraph 15 of the Complaint are legal conclusions to which no response is required. Otherwise, Slice . . . denies such allegations." (*Id.* at ¶ 15.) |
| 2. | "The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) . . . ." (Doc. 28, ¶ 12; *see also* Doc. 1, ¶¶ 14, 48.) | "Admitted that an Exhibit A is attached to the Complaint. The allegations set forth in paragraph 14 of the Complaint refer to a document which speaks for itself, and, as such, Slice denies any allegations or characterizations inconsistent therewith. Otherwise, Slice . . . denies such allegations." (*Id.* at ¶ 1.4.) "The allegations as set forth in paragraph 48 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at ¶ 48.) |

|  | **Plaintiff's Requested "Admissions" (Doc. 28)** | **Slice's Denials and Disputes (Doc. 13)** |
|---|---|---|
| 3. | "On a date after Plaintiff's above-referenced copyright registration of the Work, Zein and/or co-defendant MyPizza Technologies, Inc. d/b/a Slice ("Slice") published the Work on Zein's website (at https://www.zeinspizzawingssubs.com/) as the image associated with Zein's chicken wings menu item . . . ." (Doc. 28, ¶ 16; *see also* Doc. 1, ¶ 21.) | "The allegations concerning publication set forth in paragraph 21 of the Complaint are legal conclusions to which no response is required. Denied as to Slice the allegations and characterizations set forth in Paragraph 21 of the Complaint, and any wrongdoing implied. Otherwise, Slice . . . denies such allegations." (*Id.* at ¶ 21.) |
| 4. | "Slice allows pizzeria owners (like Zein's) to offer their products to customers using a mobile-optimized website, where customers can place orders through the Slice app and social media channels." (Doc. 28, ¶ 16, n.3; *see also* Doc. 1, ¶¶ 18, 34-38.) | "Admitted that Slice offers an online ordering platform for restaurants . . . [and] independent pizzerias may utilize Slice's online ordering platform through mobile applications that allow customers to place orders and allow the independent pizzeria to receive and fulfill such orders. Otherwise, Slice denies the remaining allegations and characterizations set forth, and any wrongdoing implied, in paragraph 18 of the Complaint." (*Id.* at ¶ 18.) <br><br> "The allegations as set forth in paragraph 34 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at ¶ 34; *id.* at ¶¶ 35-38 (same).) |
| 5. | "At all times relevant hereto, Zein and Slice maintained a contractual relationship whereby Slice provided the software to manage the ordering, operations, and marketing for Zein." (Doc. 28, ¶ 16, n.3; *see also* Doc. 1, ¶ 20.) | "Admitted that Slice and Zein's *were* parties to a certain Restaurant Services Agreement, . . . Slice denies any allegations or characterizations inconsistent therewith. Otherwise, denied as to the allegations and characterizations set forth in Paragraph 20 of the Complaint, and any wrongdoing implied." (*Id.* at ¶ 20) (emphasis added.) |

- 4 -

|   | **Plaintiff's Requested "Admissions" (Doc. 28)** | **Slice's Denials and Disputes (Doc. 13)** |
|---|---|---|
| 6. | "[T]he Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use." (Doc. 28, ¶18; *see also* Doc. 1, ¶¶ 40, 56.) | "[D]enied as to the characterizations set forth in paragraph 40 of the Complaint and any wrongdoing implied. Otherwise, the allegations as set forth in paragraph 40 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at ¶ 40.) <br><br> "The allegations set forth in paragraph 56 of the Complaint are legal conclusions to which no response is required. Otherwise, Slice . . . denies such allegations and characterizations +set forth, and any wrongdoing implied. Otherwise, denied." (*Id.* at ¶ 56.) |
| 7. | "Zein utilized the Work for commercial use – namely, in connection with the marketing of its business." (Doc. 28, ¶ 19; *see also* Doc. 1, ¶ 24, 39.) | "The allegations set forth in paragraph 24 of the Complaint are legal conclusions to which no response is required. Otherwise, denied as to Slice. Otherwise, Slice . . . denies such allegations and characterizations set forth, and any wrongdoing implied." (*Id.* at ¶ 24.) <br><br> "The allegations as set forth in paragraph 39 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at ¶ 39.) |
| 8. | "Zein located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use." (Doc. 28, ¶ 20; *see also* Doc. 1, ¶ 25, 49.) | "Denied as to Slice. Otherwise, Slice . . . denies such allegations and characterizations set forth, and any wrongdoing implied." (*Id.* at ¶ 25.) <br><br> "The allegations set forth in paragraph 49 of the Complaint are legal conclusions to which no response is required. Otherwise, Slice . . . denies such allegations and characterizations set forth, and any wrongdoing implied. Otherwise, denied." (*Id.* at ¶ 49.) |

|    | **Plaintiff's Requested "Admissions" (Doc. 28)** | **Slice's Denials and Disputes (Doc. 13)** |
|----|---|---|
| 9. | "Plaintiff was reasonably unable to discover Zein's improper use of the Work at issue in this lawsuit prior to the aforementioned date of discovery." (Doc. 28, ¶ 22; *see also* Doc. 1, at ¶ 26.) | "Admitted that Plaintiff notified Slice in writing of its allegations and that, to date, Plaintiff and Slice have been unable to negotiate a reasonable resolution to such allegations. Otherwise, Slice . . . denies such allegations and characterizations set forth, and any wrongdoing implied. Otherwise, Slice denies the allegations and characterizations set forth in paragraph 26 of the Complaint, and any wrongdoing implied." (*Id.* at ¶ 26.) |
| 10. | "Plaintiff Owns a Valid Copyright" (Doc. 28, PageID 137; *see also* Doc. 1, ¶¶ 29-30, 48.) | "The allegations as set forth in paragraph 29 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at 29; *id.* at ¶¶ 30, 48 (same).) |
| 11. | "[T]he screenshots of Zein's website unequivocally show Zein's copying of the Work. . . . Zein copied and published a duplicate image of the Work. Thus, Zein undisputedly copied Plaintiff's copyrighted work . . . ." (Doc. 28, PageID 137-38; *see also* Doc. 1, ¶¶ 50, 51.) | "The allegations set forth in paragraph 50 of the Complaint are legal conclusions to which no response is required. Otherwise, Slice . . . denies such allegations and characterizations set forth, and any wrongdoing implied. Otherwise, denied." (*Id.* at 50; *id.* at ¶ 51 (same).) |
| 12. | "Zein's refusal to pay a reasonable licensing fee and refusal to participate in this lawsuit demonstrates that Zein had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed . . . ." (Doc. 28, PageID 138; *see also* Doc. 1, ¶ 56.) | "The allegations set forth in paragraph 56 of the Complaint are legal conclusions to which no response is required. Otherwise, Slice . . . denies such allegations and characterizations set forth, and any wrongdoing implied. Otherwise, denied." (*Id.* at ¶ 56.) |

|  | **Plaintiff's Requested "Admissions" (Doc. 28)** | **Slice's Denials and Disputes (Doc. 13)** |
|---|---|---|
| 13. | The "fair market value" of "what licensors have paid for use of similar work" is "at least $11,988 for access to any of Plaintiff's photographs for anywhere from 1 day to 1 year." (Doc. 28, PageID 139; *see also* Doc. 1, ¶¶ 41-44, 59-60.) | "The allegations set forth in paragraph 41 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at 41; *id.* at ¶¶ 42-44, 59, 60 (same).) |
| 14. | "Plaintiff's Damages" (Doc. 28, PageID 138-146; *see also* Doc. 1, ¶¶ 10, 42-44, 57-60.) | "Slice . . . denies such allegations." (*Id.* at ¶ 10.) "The allegations set forth in paragraph 42 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at ¶ 42; *id.* at ¶¶ 43-44, 57-60 (same).) |
| 15. | "Entry of a Permanent Injunction is Appropriate" (Doc. 28, PageID 146-47; *see also* Doc. 1, ¶¶ 45, 61) | "The allegations as set forth in paragraph 45 of the Complaint are legal conclusions to which no response is required. Otherwise, denied." (*Id.* at ¶ 45; *id.* at ¶ 61 (same).) |

Moreover, Plaintiff's Motion and requested relief is directly contrary to several of Slice's well-pleaded affirmative defenses, including: failure to state a claim; lack of standing; lack of copyright ownership; lack of originality or *de minimis* creativity; lack of independent creation; laches, estoppel, and acquiescence; the statute of limitations bar; Slice's lack of vicarious liability; no direct or contributory infringement; lack of damage; failure to mitigate damage; the alleged licensing fee is not the fair market value; Slice's good faith, non-willful, and innocent intent; lack of basis in fact or law; lack of entitlement to attorneys' fees; objectively unreasonable request for attorneys' fees; lack of creative input by random or automatic creation; the standard expression of the subject work

naturally follows; idea-expression merger; *de minimis* quantum of creativity; *scenes-a-faire*; fair use; unclean hands; and lack of entitlement to any damages whatsoever. (Doc. 13, PageID 86-89.)

## II. LAW

"A defendant's default does not in itself warrant the court in entering a default judgment." *PNC Bank, Nat'l Ass'n v. Lucmaur, LLC*, No. 614CV248ORL37KRS, 2014 WL 12629787, at *1 (M.D. Fla. Aug. 27, 2014) (citation omitted). "[I]n cases involving more than one defendant, a judgment [sic] should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, Case No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552, 554-55 (1872)); *see also United States ex rel. Hudson v. Peerless Insurance Company*, 374 F.2d 942, 944 (4th Cir. 1967) (holding the same as to joint and several liability). The same prohibition applies when co-defendants are similarly situated. *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

In each scenario, courts risk logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment and consider it "sound policy" to *not enter default judgment*. *Gulf Coast*, at 1499 (11th Cir. 1984). This District is particularly "sensitive to the

risk of inconsistent judgments." *Nationwide*, 2011 WL 6752561, at *6 (M.D. Fla. Nov. 16, 2011) (citing *Centimark Corp. v. A to Z Coating & Sons, Inc.*, 2007 WL 4557247 (M.D.Fla.2007), *aff'd*, 2008 WL 2909299 (11th Cir. July 30, 2008)).[1]

## III.  ARGUMENT

This Court should confidently follow the many courts in this Circuit that have denied default judgment where one co-defendant continues to litigate for at least the following reasons, each of which risk inconsistent judgments:

### A.  Slice and Zein Are Jointly And Severally Liable, By Law.

Slice and Zein are jointly and severally liable by virtue of the Copyright Act and any grant of the Motion will necessarily determine Slice's liability—which it actively disputes.  As a result, Plaintiff's Motion cannot be granted.

First, under the Copyright Act, "[r]elated defendants are jointly and severally liable for the plaintiff's total damages."  3 NIMMER ON COPYRIGHT § 12.04. As related defendants, the degree of Slice's liability and Zein's liability, will both turn on who (if anyone) was the direct and contributory/vicarious infringer.

---

[1] Notably, Plaintiff failed to disclose any of this law regarding default judgments involving co-defendants.  Plaintiff also failed to disclose the *consistent* denial of Plaintiff's request in similar circumstances.  *See, e.g.*, *Nationwide*, 2011 WL 6752561; *Wagner v. Jay Pritam Inc.*, No. 620CV1095ORL31LRH, 2020 WL 10731712 (M.D. Fla. Sept. 24, 2020); *Lozano v. Datereybru Co., LLC*, No. 619CV1783ORL41LRH, 2020 WL 10354925 (M.D. Fla. July 27, 2020); *Sec. & Exch. Comm'n v. Fernandez*, No. 619CV1843ORL37LRH, 2019 WL 8358707 (M.D. Fla. Nov. 22, 2019); *Diamond Resorts U.S. Collection Dev., LLC v. Miller*, No. 6:20-CV-1668-PGB-LRH, 2021 WL 9511299 (M.D. Fla. July 26, 2021); *Brown v. FLHP-MS, LLC*, No. 609CV490ORL28KRS, 2009 WL 10670193 (M.D. Fla. Nov. 19, 2009); *Simmons v. Goodsitt*, No. 609CV1758ORL31KRS, 2009 WL 10706208 (M.D. Fla. Dec. 28, 2009); and *PNC Bank, Nat'l Ass'n v. Lucmaur, LLC*, No. 614CV248ORL37KRS, 2014 WL 12629787 (M.D. Fla. Aug. 27, 2014).

Consequently, should the court grant the Motion, it must "determine the amount of damages" and fix a value for the harm Zein allegedly caused. FED. R. CIV. P. 55(b)(2). Assuming that Plaintiff later establishes Slice's liability, the court would have to evaluate the *same damages a second time* when assessing the scope of Slice's liability for *the same activity*. Given the defenses Slice raises, there is substantial risk that these two values would be different. In either event, any determination of joint and several liability *now* will necessarily and improperly determine issues actively disputed.

Second, by its Motion, Plaintiff has elected statutory damages (Mot. at 142-45) which is joint and several *by statute*. *See* 17 U.S.C. § 504(c) ("[T]he copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . ."); *see also Campbell v. Bennett*, 47 F.4th 1362, 1366–67 (11th Cir. 2022) (recognizing that statutory damages are joint and several).

Third, even if Plaintiff now pivots to elect actual damages after reviewing this briefing, Plaintiff's Motion fairs no better. As the Eleventh Circuit recognized in *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008), the recovery of actual damages between co-defendants is considered interrelated so as to justify the Motion's denial. In *BUC*, several defendants settled prior to trial

and one defendant continued to litigate. *Id.* at 1273. When a jury awarded certain actual damages, the Court reduced those damages by the amounts co-defendants previously settled for because the co-defendants (also accused of direct, vicarious, and contributory copyright infringement) are inherently interrelated by the one-satisfaction rule—that a plaintiff cannot recover multiple times for the same conduct. *Id.* at 1276-78. Plaintiff similarly attempts to recover multiple times—it's Motion requests to recover the alleged licensing fee for the duration of the alleged infringement, plus multipliers, plus attorneys' fees and costs—all for one *singular injury*—that jointly relates to both Slice and Zein. Plaintiff will continue to pursue this same recovery from Slice.

As such, because Slice and Zein are jointly and severally liable by law, Plaintiff's Motion should not be granted as it risks inconsistent judgments.

### B. Slice and Zein are "Similarly Situated" and the Motion Seeks Judgment on Interrelated Conduct.

Plaintiff's Motion seeks judgment on *both* defendants' liability stemming from the same conduct: the alleged display of a photographic work to one menu page on a website. Because this same conduct is pleaded against both Slice and Zein, courts within this Circuit routinely deny motions for default.

In this District, defendants are "similarly situated" when the claims are pled against all defendants. *PNC Bank*, 2014 WL 12629787, at *2 (M.D. Fla. Aug. 27, 2014) (denying default judgment where the foreclosure counts were pleaded

against all defendants and involved derivative liability).  Here, Plaintiff has pleaded two counts of copyright infringement covering the same conduct, with both counts interrelating as to who is the first and secondary infringer.

Plaintiff's claims are even further intertwined.  Plaintiff submits the entirety of Plaintiff's Complaint for default judgment (Doc. 28-3, 28-5), yet makes not one utterance as to which theory it seeks as admitted.  For whichever theory of infringement Zein is liable (if any) will directly impact not only the factual allegations leveled against Slice (whether as the direct or vicarious infringer), but also Slice's corresponding liability for such infringement (if any).  Zein simply cannot be liable for both direct and secondary copyright infringement for the same conduct—thus the judgment requested as to Zein necessarily impacts the interrelated party, Slice.

Plaintiff has not provided this Court with even one authority that supports its request against similarly situated co-defendants, or co-defendants subject to alternative, interrelated theories of liability.  Plaintiff claims that "this Court may infer that Defendant<u>s</u> willfully infringed Plaintiff's copyrights because of Defendant<u>s</u>' default." (Doc. 28, 138.)  But Plaintiff's citation is erroneous—it concerns multiple defaulting defendants.  *See Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) ("[T]he Clerk of this Court entered a default against Defendants."); *Original Appalachian Artworks Inc. v. Yuil Int'l*

*Trading Corp.*, No. 84 CIV. 4962 (TPG), 1987 WL 123986, at *1 (S.D.N.Y. Oct. 2, 1987) (same).  Plaintiff offers no supportive citations likely because none exist and because, as set forth above, Courts in this Circuit consistently deny default judgments where co-defendants are similarly situated.

As such, both Slice and Zein are similarly situated such that the Motion should be denied.

### C. Slice Disputes and Will Defend Against the Requested "Admissions" in the Motion.

Plaintiff improperly seeks judgment on grounds squarely disputed and subject to affirmative defenses raised by Slice.

When the other defendant remains active in the case, including making allegations contrary to those facts alleged, entry of default judgment is not appropriate as it could result in inconsistent results against various defendants. *See, e.g.*, *McKesson Plasma & Biologics, LLC v. Opharma Grp. LLC*, No. 6:21-CV-361-RBD-GJK, 2021 WL 8268483, at *1-2 (M.D. Fla. Sept. 1, 2021).  The success of a co-defendant that goes to trial and defends successfully on a ground not personal to themselves "will inure to the defaulting defendant and judgment must be rendered for both."  49 C.J.S. Judgments § 259.

Without any justification, Plaintiff requests judgment on Slice's *individual* conduct in the Motion at least in Plaintiff's Requested "Admissions" 3, 4, 5, and 6 above.  Plaintiff has no basis to move for judgment on this individual conduct—

Slice did not default and contests each of these allegations. Plaintiff's attempt to move on this conduct belies that Slice and Zein are inherently interrelated.

Plaintiff also requests judgment on Slice and Zein's interrelated conduct, despite Slice's direct dispute of such interrelated conduct. (*See* Pl.'s Requested "Admissions" 3, 4, 6, 7, 8, 11, 12, 14, and 15.) Moreover, Slice squarely disputes the remainder of Plaintiff's Requested "Admissions," both factual and legal. Further, as Plaintiff is well aware, Slice's affirmative defenses are all-encompassing—attacking Plaintiff's ability to bring this suit, Plaintiff's lack of any enforceable rights, Slice's liability (direct and vicarious, whereby disputing vicarious liability necessary attacks the alleged Zein direct liability), and Plaintiff's alleged damages and requests for relief.

Surprisingly, by its Motion, Plaintiff seeks relief that could extend to Slice. Plaintiff argues that "[a]t all times relevant hereto, Zein and Slice maintained a contractual relationship" and then, at least on this basis, "requests the Court to enter a permanent injunction against . . . and all those in active concert and participation with Zein . . . ." (Doc. 28, 146-47.) Though disputed (as set forth above), Plaintiff could certainly argue that this wide-ranging request should extend to Slice.

Should Slice present evidence proving the falsity of Plaintiff's allegations or the truth of any of Slice's affirmative defenses, the resulting judgment would inure

to both Slice *and Zein's* benefit. *See Frow*, 82, U.S. at 554. As such, the Motion should be denied.

### D. The Motion Relies on Unpled, Inconsistent, and Unsupported Claims.

Even without Zein's defense against this litigation, Plaintiff's Motion reveals facial deficiencies: Plaintiff seeks judgment on unpled, inconsistent, and unsupported allegations, separately warranting this Court's denial of the Motion.

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Brown v. FLHP-MS, LLC*, No. 609CV490ORL28KRS, 2009 WL 10670193, at *1 (M.D. Fla. Nov. 19, 2009) (citing authorities). A plaintiff has not met its burden to yield an award of summary judgment where it does not cite to the Complaint or adequately explain how the allegations are sufficient to support entry of default. *Lozano v. Datereybru Co., LLC*, No. 619CV1783ORL41LRH, 2020 WL 10354925, at *2, n.1 (M.D. Fla. July 27, 2020) (admonishing plaintiff for failure to cite to the complaint, provide pinpoint citations, and adequately explain how the allegations are sufficient to support entry of default).

Plaintiff does not once cite to the Complaint or provide any pinpoint citations. As such, this Court is left to evaluate the sufficiency of the Complaint

and Motion on its own. Upon review, Plaintiff has requested judgment on the following inconsistent, unpled, and unsupported claims:

- Plaintiff's subject registration provides the Copyright Claimant as <u>Adlife Marketing & Communications Co., Inc.</u> whereas Plaintiff is a different entity—Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. (Doc. 1, PageID 15-21.)  Not one allegation of the Complaint or Motion *acknowledges*, let alone explains this discrepancy.  Instead, Plaintiff simply provides that <u>Plaintiff</u> registered the work and that it constitutes prima facie evidence of validity.  (Doc. 28, PageID 137.)  Plaintiff did not—Adlife Marketing & Communications Co., Inc. did.

- Plaintiff initially claims that it first discovered any use/display of the work in May 2022.  (Doc. 1, at ¶ 26.)  Then, in its Motion, Plaintiff claims that it first discovered any use/display of the work in July 2022.  (Doc. 28, at ¶ 23.)

- Plaintiff claims that "Zein refused to pay a reasonable licensing fee . . . . [which] demonstrates that Zein had actual knowledge, or at least acted with reckless disregard."  (Doc. 28, PageID 138.)  Yet, Plaintiff never pleaded that Zein *refused* to pay a reasonable licensing fee.

- Plaintiff never alleged that "Plaintiff offers semi-exclusivity to its licensees . . . . [T]he copying and publishing of individual photographs by non-licensees greatly reduces the value of Plaintiff's library."  (Doc. 28, PageID 139.)  Yet, on this basis, Plaintiff demands a significant multiplier.

- Plaintiff never alleged that "All of these photographers are provided specific instructions with respect to Plaintiff's vision/overall composition requirements - namely, that food/product photography *should result in images/meals accessible to the general public that an average family could prepare for a meal*." (Doc. 28, PageID 140.) (emphasis added).  Yet, on this basis, Plaintiff seeks to support its demand for an $11,988 licensing fee for *one photograph*.

In addition to the foregoing, Plaintiff claims that it is now at a "tremendous" disadvantage because Zein will not participate in discovery. (Doc. 28, PageID 141.)

- 16 -

This claim ignores the reality of the alleged interrelated conduct, and the fact that Plaintiff has already served discovery on these very issues.  As such, Plaintiff has no basis to claim that "Zein's failure to participate in this lawsuit has limited Plaintiff's ability to conduct discovery to fully discover the extent of its infringement and/or the exact date on which the Work was uploaded and/or removed from Zein's website."  (Doc. 28, PageID 140-41.)  It is *exclusively* on these bases that Plaintiff mounts its heightened monetary damages demands.  Because Slice will inevitably provide discoverable information on these issues and pursue defenses related to Plaintiff's claims, Plaintiff's Motion is not supported.

Because each of the above comprise unpled, inconsistent, or unsupported claims to support the Motion, the Motion should be denied.

## IV.   CONCLUSION

Based upon the foregoing, Slice respectfully requests that this Court deny Plaintiff's Motion and not enter any default against Zein.

|  |  |
|---|---|
| Respectfully submitted, | /s/ *Lidia C. Mowad* |

Matthew J. Langley (FL97331)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606-4637
Telephone:  312-624-6408
Facsimile:  312-767-9192
mlangley@beneschlaw.com

*-and-*

Mark Avsec (Admitted *pro hac vice*)
Andrew G. Fiorella ( Admitted *pro hac vice* )
Lidia C. Mowad (Admitted *pro hac vice*)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone:  216-363-4500
Facsimile:  216-363-4588
mavsec@beneschlaw.com
afiorella@beneschlaw.com
lmowad@beneschlaw.com

*Counsel for Defendant MyPizza Technologies, Inc. d/b/a Slice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically upon the following via the Court's ECF system on this the 20th day of December, 2022:

Daniel DeSouza
dan@copycatlegal.com

James D'Loughy
james@copycatlegal.com

Lauren M. Hausman
lauren@copycatlegal.com

/s/ Lidia C. Mowad
Lidia C. Mowad
*One of the counsel for Defendant*
*MyPizza Technologies, Inc. d/b/a Slice*