UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PREPARED FOOD PHOTOS, INC.,**

    **Plaintiff,**

**v.**                                                           Case No: 8:22-cv-1924-MSS-AEP

**ZEIN LLC and MYPIZZA TECHNOLOGIES, INC.,**

    **Defendants.**

_____

# ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.'s ("Plaintiff") Motion for Default Final Judgment (the "Motion"), (Dkt. 28), and Defendant MyPizza Technologies, Inc.'s response in opposition thereto. (Dkt. 29). Upon consideration of all relevant filings, the Clerk's default entered against Zein LLC d/b/a Zein's Pizza Wings & Subs ("Defendant"), relevant case law, and being otherwise fully advised, Plaintiff's Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff is in the business of licensing high-end, professional photographs for the food industry. Plaintiff's business operates on a subscription basis whereby it charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 (https://preparedfoodphotos.com/featured-

subscriptions/) for access to its library of professional photographs. Plaintiff's standard licensing terms require a minimum of a twelve (12) month licensing commitment (https://preparedfoodphotos.com/terms.of.use.php) to avoid scenarios whereby a licensee pays for one (1) month of access, downloads the entire library of 20,000+ photographs, and immediately terminates the license agreement.

Plaintiff's business model relies on its recurring monthly subscription service and the income derived therefrom such that Plaintiff can continue to maintain its impressive portfolio. Plaintiff has numerous paying subscribers paying monthly subscription fees ranging from $999.00/month to $2,500.00/month (depending on the number of 'end users' for which Plaintiff's photographs are to be used). Generally stated, the bulk of Plaintiff's subscribers are professional ad agencies that develop weekly ads/grocery store websites for their own 'end users' (i.e., grocery stores, meat/dairy sellers, etc.).

Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

This lawsuit concerns **ONE** (1) photograph titled "ChickenWingHot007" (the "Work") owned by Plaintiff for which Plaintiff serves as the licensing agent. The Work

is available for license on the above-stated terms. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on September 29, 2016 and was assigned Registration No. VA 2-019-412. A copy of the Certificate of Registration pertaining to the Work is attached to the Complaint as Exhibit A thereto.

Zein owns and operates a restaurant in Clearwater, Florida. Defendant primarily sells pizza, wings, and subs. Zein advertises/markets its business primarily through its website (https://www.zeinspizzawingssubs.com/), social media(e.g.,https://www.facebook.com/profile.php?id=100054355098014), and other forms of advertising. On a date after Plaintiff's above-referenced copyright registration of the Work, Zein and/or co-defendant MyPizza Technologies, Inc. d/b/a Slice (hereinafter "Slice") [1] published the Work on Zein's website (at https://www.zeinspizzawingssubs.com/) as the image associated with Zein's chicken wings menu item:

---

[1] Slice is an online food ordering platform for independent pizzerias. Slice allows pizzeria owners (like Zein's) to offer their products to customers using a mobile-optimized website, where customers can place orders through the Slice app and social media channels.  At all times relevant hereto, Zein and Slice maintained a contractual relationship whereby Slice provided the software to manage the ordering, operations, and marketing for Zein.



A true and correct copy of screenshots of Zein's website, displaying the copyrighted Work, are attached to the Complaint as Exhibit B thereto. Zein is not and has never been licensed to use or display the Work. Zein never contacted Plaintiff to seek permission to use the Work in connection with Zein's website/advertising or for any other purpose.

Zein utilized the Work for commercial use – namely, in connection with the marketing of its business. Plaintiff contends that, at some point, Zein located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use. Plaintiff's primary business is the creation of new photo/video content and licensing such content to supermarkets, ad agencies, etc. To ensure that Plaintiff's valuable intellectual property is not being misappropriated (which necessarily lowers the value thereof), Plaintiff employs a full-time paralegal and other staff, each of whom perform (when time permits) reverse-image searches using Google Images (https://www.google.com/imghp?hl=en) and

review grocery store electronic/print ads to determine whether Plaintiff's images are being misused. It is not alleged that in this endeavor Plaintiff affixed a watermark over its photograph to prevent its duplication.

Plaintiff's staff generally perform searches using a rotating sub-set of photographs that may be illegally/improperly published by non-licensees. Given the volume of Plaintiff's library, Plaintiff was reasonably unable to discover Zein's improper use of the Work at issue in this lawsuit before the aforementioned date of discovery. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Zein's unauthorized use/display of the Work in July 2022. Ultimately, Plaintiff was forced to retain counsel to pursue this matter.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. FED. R. CIV. P. 55(a). Second, after entry of the clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent. FED. R. CIV. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment and is barred from contesting on appeal the facts thus established." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

The Court must review the sufficiency of the complaint before determining

whether a moving party is entitled to default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] "While a complaint . . . does not need detailed factual allegations," a plaintiff must show that it is entitled to relief by alleging more than "labels and conclusions" or "a formulaic recitation of the elements." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If the admitted facts are enough to establish liability, the Court must then determine the appropriate amount of damages and enter final judgment in that amount. See Nishimatsu, 515 F.2d at 1206. An evidentiary hearing on damages is not required by Rule 55, and it is within the Court's discretion to choose whether to hold such a hearing. See FED. R. CIV. P. 55(b)(2); SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III. DISCUSSION

Plaintiff moves for default judgment against one Defendant, Zein LLC while simultaneously electing to proceed with litigation against the remaining, yet related co-defendant – Slice. The Court denies Plaintiff's motion for the reasons set forth below.

For actions involving multiple defendants, "the court may direct entry of a final judgment as to one or more . . . only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Courts outside the Eleventh Circuit have adopted a preferred practice of withholding a grant of default judgment until the action

---

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

has been decided on the merits as to the defendant(s) who have appeared in the action. See Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000); Exquisite Form Ind., Inc. v. Exquisite Fabrics of London, 378 F. Supp. 403, 416 (S.D.N.Y.1974). There is also at least one reported decision from the Middle District that has applied the same logic. See Anthony v. Burkhart, 28 F. Supp. 2d 1239, 1247 (M.D. Fla. 1998) (explaining that a pro se inmate's allegation that three correctional officers jointly violated the inmate's civil rights was enough to grant summary judgment as to all three officer-defendants, when the Court found that two officer-defendants were entitled to qualified immunity).[3]

Here, Plaintiff's copyright infringement claim against Defendant Zein hinges on Zein's alleged failure to control or prevent Slice from infringing Plaintiff's photograph. (Dkt. 1 at ¶ 55). The Court finds that this allegation is sufficient to allege joint liability between Defendants Zein and Slice. Therefore, entry of a default judgment would be inappropriate at this time because it essentially would amount to a judgment against Slice, which has appeared in this action. See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., No. 6:11-cv-1054, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing Frow v. De La Vega, 82 U.S. 552, 554- 55 (1872)).

---

[3] Other federal district judges in the Middle District have reached the same conclusion in unreported orders. See S. Owners Ins. Co. v. Gallo Bldg. Servs. Inc., No. 8:15-cv-01440, 2016 WL 1703359, at *2 (M.D. Fla. Apr. 26, 2016); N. Pointe Ins. Co. v. Global Roofing & Sheetmetal, Inc., No. 6:12-cv-476, 2012 WL 5378826 (M.D. Fla. Sept. 4, 2012); Essex Ins. Co. v. Anchor Marine Envt'l Serv., No. 6:10–cv–340–Orl–28DAB, 2010 WL 5174025 (M.D. Fla. Nov. 18, 2010), adopted, 2010 WL 5174019 (M.D. Fla. Dec.15, 2010); Temp. Serv. Ins. LTD. v. O'Donnell, No. 6:07–cv–1507–Orl–28GJK, 2008 WL 2730997, at *1 (M.D. Fla. July 11, 2008).

Accordingly, Plaintiff's motion for default judgment, permanent injunction, and request for attorney's fees and costs are due to be **DENIED, without prejudice**.

## IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Default Final Judgment, (Dkt. 38), is **DENIED without prejudice**.

2. Plaintiff request for preliminary injunction is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of January 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person